**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD DUANE HOUART,

       Petitioner,

v.                                     Case No. 8:14-cv-1034-T-36MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

## <u>ORDER</u>

Richard Duane Houart, a Florida inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Sarasota County convictions. (Dkt. 1.) Respondent filed a response (Dkt. 15), which acknowledges the petition's timeliness. Houart did not file a reply. Upon consideration, Houart's petition will be denied.

### PROCEDURAL HISTORY

Houart was convicted after a jury trial of one count of sexual battery by a person 18 years of age or older upon a child less than 12 years of age and three counts of lewd or lascivious molestation by a person 18 years of age or older upon a child less than 12 years of age. (Dkt. 18, Ex. 1, Vol. II, pp. 272-73.) He was found not guilty of one count of sexual battery by a person 18 years of age or older upon a child less than 12 years of age and three counts of showing obscene material to a minor. (*Id.*) Houart was sentenced to life imprisonment. (*Id.*, pp. 327-31.) The state appellate court *per curiam* affirmed. (Dkt. 18, Ex. 4.) The trial court then granted the State of Florida's motion to designate Houart as a

sexual predator.  (Dkt. 18, Ex. 6, Vol. I, p. 75.)  The state appellate court *per curiam*

affirmed.  (Dkt. 18, Ex. 10.)  The state court summarily denied Houart's motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850.  (Dkt. 18, Exs.

11, 12.)  The state appellate court *per curiam* affirmed.  (Dkt. 18, Ex. 14.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this

proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998).  Habeas

relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws

or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254(d), which sets forth

a highly deferential standard for federal court review of a state court adjudication, states:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this

deferential standard:

> Under the "contrary to" clause, a federal habeas court may grant the writ if
> the state court arrives at a conclusion opposite to that reached by this Court
> on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.   Under the
> "unreasonable application" clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle from this
> Court's decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state appellate court affirmed Houart's convictions and sentences and affirmed the denial of postconviction relief without discussion. The court's decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

**DISCUSSION**

**Grounds One, Two and Four**

In Ground One, Houart argues that the trial court erred in denying his motion for mistrial. In Ground Two, he claims that the trial court erred in denying his motion to access the victims' foster care records. In Ground Four, he argues that the trial court erred in denying his motion to prevent juror contact with a "victims' monument" located outside the courthouse. Houart alleges violations of his federal rights to due process, confrontation, and a fair trial.

A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Grounds One, Two, and Four are unexhausted because, on direct appeal, Houart relied solely on state law and did not present the federal dimension of the claims. (Dkt. 18, Ex. 2, pp. 15-28, 40-42.) Although Houart referred to a United States Supreme Court decision, *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990), this reference was made only for a definition of abuse of judicial discretion and failed to alert the state appellate court that Houart intended to raise a federal constitutional claim. *See Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. App'x 847, 849-50 (11th Cir. 2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right."); *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) ("To present a federal constitutional claim properly in state court, 'the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'") (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).

State procedural rules do not allow for successive direct appeals. *See* Fla. R. App. P. 9.140(b)(3) (a defendant must appeal a final judgment within 30 days following rendition

of a written order imposing sentence). Consequently, Houart's claims are procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Houart does not argue or demonstrate that an exception applies to overcome the procedural default. Grounds One, Two, and Four are therefore barred from federal habeas review.

**Ground Five**

Houart argues that the trial court lacked jurisdiction to designate him a sexual predator, resulting in a federal due process violation. Respondent's contention that Houart failed to raise a federal claim when he appealed the sexual predator designation is unpersuasive. Houart clearly alleged a violation of his Fifth and Fourteenth Amendment rights. (Dkt. 18, Ex. 8, pp. 5, 7-8.)

However, Houart's assertion concerns a matter of state law for which federal habeas corpus relief is not available. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.") (citations omitted). Houart's assertion of a federal constitutional deprivation does not alter this conclusion. *See Branan*, 861 F.2d at 1508 (the limitation on federal habeas review "is of equal force when a petition, which actually involves state law issues, is 'couched in terms

of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).  Accordingly, Houart has not presented a cognizable claim for relief in Ground Five.

**Ground Three**

The victims were Houart's nephews.  Prior to their placement in foster care, they lived in a home with numerous family members including Houart and his mother, Connie Houart.  Ms. Houart passed away prior to trial.  The state trial court denied the defense's request to introduce parts of Ms. Houart's discovery deposition. It made its decision after the State argued that the discovery deposition was inadmissible because (1) the deposition was not taken with the purpose of perpetuating testimony in accordance with the requirements of Florida Rule of Criminal Procedure 3.190; (2) the deposition contained hearsay within hearsay; and (3) the defense had not laid a proper foundation to use the deposition for impeachment purposes.  (Dkt. 18,  Ex. 1, Supp. V, pp. 898-902.)

Houart alleges that the state trial court erred in excluding this deposition testimony, thereby preventing him from raising a defense in violation of his federal rights to due process and a fair trial. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'") (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)).  He brought this claim of trial court error on direct appeal.  Respondent's assertion that Houart failed to exhaust a federal claim is not supported by the record.  Houart clearly argued that although the trial court's ruling was consistent with Florida law, it nevertheless violated his federal rights to due process and a fair trial.  (Dkt. 18, Ex. 2, pp. 32-39.)  In support, he cited *Chambers v. Mississippi*, 410 U.S. 284 (1973).  *See id.* at 294 ("The right of an

accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.")

Even assuming, however, that Ms. Houart's discovery deposition should have been admitted, any constitutional error by the trial court in excluding this evidence is subject to the harmless-error test set out in *Brecht v. Abrahamson*, 507 U.S. 619 (1993):

> In § 2254 proceedings, federal courts must evaluate constitutional errors under the harmless-error standard articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). As *Brecht* explained, "[federal] habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Id.* at 637, 113 S.Ct. at 1722. To find "actual prejudice," a federal habeas court must conclude that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

*Hittson v. GDCP Warden*, 759 F.3d 1210, 1233-34 (11th Cir. 2014) (footnote omitted).

Houart does not show that the exclusion of Ms. Houart's deposition testimony had "substantial and injurious effect or influence" on the verdict such that he suffered actual prejudice. In the first portion of Ms. Houart's deposition, she testified that one of the victims, H.B., said that his foster mother would buy him "a new PSP"[1] if he talked to the judge. (Dkt. 18, Ex. 1, Vol. II, pp. 237-40.) She also testified that when she asked H.B. why he did not tell her what had happened, he stated that he was not sure if it really happened or if he dreamt it. (*Id.*)

However, Ms. Houart's statement about the PSP would have been cumulative to trial testimony of the victims' biological mother that, during a visitation at which Ms. Houart was present, she heard H.B. say that his foster mother would buy him a PSP2 if he went to the

---

[1] Houart states that a PSP is a PlayStation Portable. (Dkt. 1, p. 10.)

judge. (Dkt. 18. Ex. 1, Supp. IV, pp. 401-02.) Furthermore, the implication that H.B.'s recollection was not reliable was addressed through other means. The defense cross-examined H.B. about discrepancies between his trial testimony and his earlier statements. (*Id.*, pp. 498-99, 506-10, 517-18.) The defense also argued to the jury that the nature and length of the investigation caused the victims to develop false memories and presented expert testimony of Dr. Eddy Regnier, a clinical psychologist, to support this theory. (Dkt. 18, Ex. 1, Supp. V, pp. 960-1031; Supp. VI, pp. 1166-68.)

In the second portion of Ms. Houart's deposition, she testified that she would have killed Houart herself if she saw him touching the victims. (Dkt. 18, Ex. 1, Vol. II, pp. 295; Supp. V, p. 876.) Houart appears to argue that this would have cast doubt on the testimony of victims E.B. and H.B. that they did not initially report the activity because Ms. Houart told them not to tell anyone. (Dkt. 18, Ex. 1, Supp. IV, pp. 496, 562, 569, 573-74, 640.) But Ms. Houart's deposition testimony did not directly refute H.B.'s and E.B.'s trial testimony that she told them not to tell anyone. And even if her statement would have cast doubt on their testimony, another explanation for their delay in reporting–that Houart himself told them not to tell anyone–was presented. (Dkt. 18, Ex. 1, Supp. IV, pp. 495, 561.)

Furthermore, the State presented sufficient evidence to support Houart's convictions. To establish count one, sexual battery of H.B., the State had to prove beyond a reasonable doubt that Houart was 18 years or older; that H.B. was less than 12 years old; and that Houart committed an act upon H.B. in which Houart's finger penetrated H.B.'s anus. (Dkt. 18, Ex. 1, Vol. II, p. 259.) Houart's sister testified that Houart was 37 or 38 at the time of the September 2010 trial. (Dkt. 18, Ex. 1, Supp. IV, p. 381.) Accordingly, he

would have been over 18 years old at the time of the offenses, which were charged as having taken place between January 1, 2007, and March 17, 2008.  H.B.'s testimony that he was born in 1999 established that he was under 12 years old at the time of the offenses.  (Dkt. 18, Ex. 1, Supp. IV, p. 472.)  And H.B. testified that Houart put his finger inside H.B.'s anus multiple times.  (*Id.*, pp. 487-88.)

To establish count two, lewd or lascivious molestation of H.B., the State had to prove beyond a reasonable doubt that Houart  was 18 years or older; that H.B. was less than 12 years old; and that Houart either "intentionally touched in a lewd or lascivious manner the genitals and/or buttocks of H.B." or "intentionally forced or enticed H.B. to touch [Houart's] genitals."  (Dkt. 18, Ex. 1, Vol. II, p. 260.)  H.B. testified that Houart used his hand to touch H.B.'s "front" private part under H.B.'s clothes, and to touch H.B.'s "butt."  (Dkt. 18, Ex. 1, Supp. IV, pp. 483-84, 486.)  He also testified that Houart asked him to touch Houart's private part and that he did so many times.  (*Id.*, pp. 491-93.)

To prove count four, lewd and lascivious molestation of E.B., the state had to prove the same elements but show that E.B. was the involved child.  (Dkt. 18, Ex. 1, Vol. II, p. 262.)  E.B. testified that he was eight years old at the time of trial.  (Dkt. 18, Ex. 1, Supp. IV, p. 550.)  He also testified that Houart touched his front private part inside his clothes, and that Houart put E.B.'s hand down Houart's pants and E.B.'s hand touched Houart's private part.  (*Ia.*, pp. 555-58.)

Considering this evidence of guilt, along with the evidence addressing the matters about which Ms. Houart testified, Houart fails to show that the omission of her discovery deposition had "substantial and injurious effect or influence in determining the jury's verdict" such that he was actually prejudiced  *Brecht*, 507 U.S. at 637.  Therefore, any error was

harmless, and no relief is warranted on Ground Three.[2]

**Ground Eight**

Houart argues that trial counsel was ineffective for failing to order a medical examination of H.B. which would have shown "no medical evidence of anal penetration," thereby establishing that he did not commit sexual battery of H.B. (Dkt. 1, p. 18.)

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. To show deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Houart must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To show prejudice, Houart must demonstrate "a reasonable

---

[2] Houart argues for the first time in his federal habeas petition that the trial court's ruling violated Florida law. This claim is unexhausted due to his failure to raise it in state court, and is now procedurally defaulted. (Dkt. 12, Ex. 2, pp. 28-39.) Alternatively, the claim is without merit. A state evidentiary ruling can only be disturbed by a federal habeas court if it resulted in the denial of fundamental fairness in violation of the Due Process Clause. *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.1998). A denial of fundamental fairness occurs when the evidence in question "is material in the sense of a crucial, critical, highly significant factor." *Id.* (quotation omitted). Given the evidence presented at trial as discussed in the body of Ground Three, Houart fails to show a denial of fundamental fairness. His claim of a state evidentiary law violation does not warrant federal habeas relief.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is difficult because review is "doubly" deferential to counsel's performance and the state court's ruling. *Richter*, 562 U.S. at 105. *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA."). If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The state court denied Houart's claim that trial counsel was ineffective for failing to order a medical examination of H.B. to show that there was "no medical evidence" of anal penetration:

> [T]he Defendant claims that trial counsel was ineffective for failing to order a medical examination for the victim, arguing that there would have been no medical evidence "because it never happened". The record reflects that there was evidence of the charged offenses sufficient to sustain the conviction. Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 3.)

As addressed in Ground Three, *supra*, the record supports a finding that the State's evidence was sufficient to sustain the conviction for sexual battery of H.B. Moreover, Houart has not offered any evidence to support his assertion that an examination would have shown a lack of "medical evidence" or that the absence of such "medical evidence" would have established that he did not digitally penetrate H.B. His conclusory allegations

cannot sustain a claim of ineffective assistance of counsel. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). As Houart has not demonstrated that the state court's decision was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts, he is not entitled to relief on Ground Eight.

**Ground Six(A)**

Houart claims that the trial court lacked jurisdiction "due to a fatal flaw in the charging information," resulting in a federal due process violation. (Dkt. 1, p. 16.) Houart's federal due process claim is unexhausted. His postconviction argument that the trial court was without jurisdiction due to an error in the charging document relied entirely on state law without any mention of federal law. (Dkt. 18, Ex. 11, pp. 2-5.) Houart cannot return to state court to present a federal claim in an untimely postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (h). Accordingly, his federal claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. As Houart does not argue or establish that the cause and prejudice or fundamental miscarriage of justice exception applies to overcome the procedural default, Ground Six(A) is barred from federal habeas review.

**Ground Six(B)**

Houart argues that his trial counsel was ineffective for failing to move for dismissal because of a deficiency in the charging document. He claims that the charging document lacked the prosecutor's sworn statement that she received testimony under oath from material witnesses, as required by Florida Rule of Criminal Procedure 3.140(g). The state court denied this claim:

In Ground Two, the Defendant claims that trial counsel was ineffective where he failed to move for dismissal based on a legally insufficient Information. For the reasons set forth in Ground One,[3] the Information was not deficient, and therefore trial counsel was not ineffective for failure to move for dismissal on this basis. Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 2.)

Houart has not established that counsel was ineffective for failing to move for dismissal based upon the alleged error in the charging document. This alleged defect is governed by Florida's procedural rules, and deference must be afforded to the state court's determination that the charging document was not deficient. *See Herring v. Sec'y, Dep't ol Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)); *Will v. Sec'y, Dep't of Corr.*, 278 Fed. App'x 902, 908 (11th Cir. 2008) ("Although an ineffective-assistance-of-counsel claim is a *federal* constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of *state* law, . . . we must defer to the state's construction of its own law.'") (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Accordingly, Houart does not show that counsel performed deficiently in not moving

---

[3] In an earlier claim, the postconviction court found no defect in the charging document under state law, stating that "[t]he victim in the instant case was a minor" and that "[o]n October 1, 2010, the Court entered an Order Granting the State's Offer of Child Hearsay Statements pursuant to F.S. 90.803(23)." (Dkt. 18, Ex. 12, pp. 1-2.)

to dismiss due to an error in the charging document because such a motion would have been meritless.  *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit."). Houart has not shown that the state court's ruling resulted in a decision that was contrary to or an unreasonable application of clearly established federal law or was based upon an unreasonable determination of the facts.  He is not entitled to relief on Ground Six(B).

**Ground Seven(A)**

Houart asserts that some jurors were not sworn prior to *voir dire*, resulting in a federal due process violation.  The state court denied this claim:

> In Ground Three, the Defendant claims that certain prospective jurors were not sworn in during voir dire examination.  In support of this claim, the Defendant cites to the trial transcript wherein counsel [sic][4] stated: "For those of you that are sworn, there's a preliminary instruction that I also read.  I'll read it to all of you now."  This statement does not demonstrate that certain prospective jurors were not sworn during voir dire.  Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 2.)

Houart has not established any federal constitutional violation.[5]  The court utilized two groups of prospective jurors.  The trial transcript does not indicate that either group was sworn in inside the courtroom prior to *voir dire*.  (Dkt. 18, Ex. 1, Supp. II, Trial Transcript pp. 10, 113.)  However, it is common in Florida to swear in prospective jurors in a separate jury assembly room before they proceed to individual courtrooms.  *See Martin v. State*, 898 So.2d 1036, 1037 (Fla. 5th DCA 2005) (noting that administering the oath "in the jury

---

[4] This statement was made by the trial court.  (Dkt. 18, Ex. 1, Supp. III, p. 277.)

[5] To the extent Houart argues that the state court did not comply with Florida Rule of Criminal Procedure 3.300 (a), which requires that "prospective jurors shall be sworn collectively or individually," his claim is not cognizable on federal habeas review.  *See Branan*, 861 F.2d at 1508.

assembly room" is "a common practice in Florida courts"); *Hayes v. State*, 855 So.2d 144, 145 (Fla. 4th DCA 2003) ("The trial court . . . recognized the St. Lucie County Circuit Court's practice, like most circuit courts, of swearing the venire in the jury assembly room before the jurors are sent to the respective courtrooms."). Therefore, as the state court found, the court's comment does not establish that any prospective jurors were not sworn. And even assuming some of the prospective jurors had not been sworn, Houart has not set forth any clearly established federal law providing that prospective jurors must be sworn in prior to *voir dire*. *See, e.g., United States v. Pinero*, 948 F.2d 698, 700 (11th Cir. 1991) (noting that it is not clear whether federal juries are required be sworn in).

Houart fails to show that the state court's ruling resulted in a decision that was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Consequently, he is not entitled to relief on Ground Seven(A).

**Ground Seven(B)**

Houart argues that trial counsel was ineffective for failing to request that the prospective jurors be sworn. The state court denied this claim:

> In Ground Four, the Defendant claims that trial counsel was ineffective because he did not request the court to swear in all jurors. For the reasons explained in Ground Three, the statement cited to by the Defendant does not demonstrate that certain prospective jurors were not sworn in during voir dire. Accordingly, counsel was not ineffective for failing to request that the court swear in the prospective jurors.

(Dkt. 18, Ex. 12, pp. 2-3.)

As Houart has not established that any prospective juror was not sworn in, he fails

to show that counsel had any reason to object.  *See Brownlee*, 306 F.3d at 1066.

Furthermore, he argues in support that counsel's alleged error "exposed [him] to a trial

before a jury with jurors who may not have been truthful during voir dire." (Dkt. 1, p. 17.)

But Houart does not allege or demonstrate that any of the prospective jurors gave

untruthful answers during *voir dire*.  Thus, he has not shown prejudice as a result of

counsel's performance.  Accordingly, Houart has failed to demonstrate that the state court's

rejection of his claim was contrary to or an unreasonable application of clearly established

federal law, or was based on an unreasonable determination of the facts.  He is not entitled

to relief on Ground Seven(B).

**Ground Nine**

The State introduced the recording of a Child Protection Team interview of M.B.  The

trial transcript lists some of M.B.'s responses as "inaudible."  Houart contends that trial

counsel was ineffective for failing to present a motion *in limine* to exclude the interview "due

to the inaudible portions of M.B.'s answers on video and no transcript provided with

decipherable answers." (Dkt. 1, p. 18.)  The state court denied Houart's claim:

> [T]he Defendant claims that trial counsel was ineffective for failing to move
> in limine to keep certain inaudible response[s] from a forensic interview from
> being admitted into the record.  Partly inaudible tape recordings are
> admissible unless the inaudible and unintelligible portions are so substantial
> as to deprive the audible portions of relevance.  See Martinez v. State, 761
> So. 2d 1074 (Fla. 2000).  Under the rationale espoused in Martinez, trial
> counsel was not ineffective in not requesting a motion in limine as the audible
> portions of the video interview introduced at trial remained relevant.  See
> Trial Transcript, p. 753-778.  Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 3.)

Whether the recording was relevant and thus admissible is a state law question that

must be afforded deference. *See Herring*, 397 F.3d at 1354-55; *Will*, 278 Fed. App'x at 908.

Furthermore, the record supports the state court's conclusion that the interview was relevant to the charges, as M.B. stated that his Uncle Rich gave him bad touches. (Dkt. 18, Ex. 1, Supp. V, pp. 764-65.) Houart has not shown that the state court's order was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. Consequently, he is not entitled to relief on Ground Nine.

**Ground Ten**

Houart argues that trial counsel was ineffective in failing to object to improper prosecutorial comment during closing argument. He cites the prosecutor's statement that "this case is about three beautiful little boys who were abused in the most unimaginable way, by that man, the defendant, Richard Houart, and you as jurors should hold him accountable." (Dkt. 18, Ex. 1, Supp. V, p. 1105.)

Houart alleges that the prosecutor improperly "invoked a civic duty upon the consciences of the jurors that it was their duty to society" to convict him. (Dkt. 1, p. 19.) He further claims that the prosecutor improperly bolstered the victims' credibility and argued that "children's testimony should be believed simply because they were children who were victims and children always tell the truth about important things." (*Id.*)

The state court rejected Houart's ineffective assistance claim:

> [T]he Defendant claims that trial counsel was ineffective for failing to object to the prosecutor's misleading and improper statements during closing argument. The excerpt the Defendant cites from page 1105 of the transcript asking the jurors to hold the Defendant accountable is neither improper nor misleading, and is a permissible statement in a prosecutor's closing argument. <u>See generally</u> <u>Ford v. State</u>, 802 So. 2d 1121 (Fla. 2001) (observing that prosecutorial remarks, including a reference to holding the defendant accountable, were not unfairly prejudicial); <u>Thomas v. State</u>, 748 So.2d 970 (Fla. 1999) (holding that the courts of this state permit attorneys

wide latitude to argue to the jury during closing arguments).  Therefore, this claim is denied.

(Dkt. 18, Ex. 12, pp. 3-4.)

There is support for the state court's conclusion that counsel was not ineffective for failing to object to the prosecutor's statement.  Houart does not show that the comment improperly prevailed upon "the consciences of the jurors."  *See, e.g., United States v. Smith*, 918 F.2d 1551, 1562-63 (11th Cir. 1990) ("Prosecutorial appeals for the jury to act as 'the conscience of the community' are not impermissible when they are not intended to inflame.") (quoting *United States v. Kopituk*, 690 F.2d 1289, 1342-43 (11th Cir. 1982)).  Nor does the identified comment assert that child witnesses must be believed or vouch for the witnesses' credibility.  *See United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. 1991) ("The prohibition against vouching . . . forbids arguing credibility based on the reputation of the government office or on evidence not before the jury.").

Even assuming the comment was improper, moreover, Houart has not shown prejudice as a result of counsel's failure to object to it.  An improper prosecutorial comment will warrant reversal only if it prejudices a defendant's substantial rights.  *Sexton v. Howard*, 55 F.3d 1557, 1559 (11th Cir. 1995).  A defendant's substantial rights "are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome [of the trial] would be different."  *United States v. Hall*, 47 F.3d 1091, 1098 (11th Cir. 1995) (citing *Kennedy v. Dugger*, 933 F.2d 905, 914 (11th Cir. 1991)).  A reviewing court must evaluate an allegedly improper comment in the context of the whole trial because "[c]laims of prosecutorial misconduct are fact specific inquiries which must be conducted against the backdrop of the entire record."  *Hall*, 47 F.3d at 1098.

In light of the State's evidence, Houart has not shown that his substantial rights were prejudiced. The evidence supporting the convictions involving H.B. and E.B. was discussed in Ground Three, *supra*. Houart was also convicted of lewd and lascivious molestation of M.B. To convict him of this offense, the State had to prove beyond a reasonable doubt that Houart was 18 years or older; that M.B. was less than 12 years old; and that Houart either "intentionally touched in a lewd or lascivious manner the genitals and/or buttocks of M.B." or "intentionally forced or enticed M.B. to touch [Houart's] genitals." (Dkt. 18, Ex. 1, Vol. II, p. 265.) First, the State showed through Houart's sister's testimony that he was over 18 years of age. (Dkt. 18, Ex. 1, Supp. IV, p. 381.) Second, M.B. testified that he was born in 2001. (*Id.*, p. 660.) Accordingly, he was under 12 years old when the offense occurred. Third, M.B. also testified that Houart touched M.B.'s private part and had M.B. touch Houart's private part. (*Id.*, pp. 663-65.) And, as addressed in Ground Nine, *supra*, M.B. stated during a Child Protection Team interview that Houart gave him bad touches. (Dkt. 18, Ex. 1, Supp. V, pp. 764-65.)

Given the evidence supporting all of Houart's convictions, he has not shown prejudice as a result of counsel's failure to object to the prosecutor's statement. Houart fails to demonstrate that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Consequently, he is not entitled to relief on Ground Ten.

**Ground Eleven**

Houart asserts that trial counsel was ineffective in not moving for a statement of particulars and not objecting when the prosecution failed to provide one. Each count

alleged activity occurring between January 1, 2007, and March 17, 2008. (Dkt. 18, Ex. 1, Vol. I, pp. 119-22.) Houart claims that because the victims were placed in foster care in April 2007, "it's clear [he] did not have access to the alleged victims after April 2007; proving the January 1st, 2007 to March 17, 2008 time window specified in the charging information to be inaccurate." (Dkt. 1, p. 20.) He claims that a statement of particulars reflecting this shorter period of time would have "enabl[ed] Petitioner to more effectively defend against and very probably eliminate the possibility of some of the accusations even happening." (*Id.*)

The state court denied Houart's claim:

[T]he Defendant claims that trial counsel was ineffective for failing to move pre-trial for a statement of particulars and for failing to object to the lack of a statement of particulars. Rule 3.140(n) provides that the court, on motion, shall order the prosecuting attorney to furnish a statement of particulars where the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. In the instant case, the Information informs the Defendant of the particulars of the offense. Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 4.)

Florida's procedural rules provide in relevant part:

The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney. . .

Fla. R. Crim. P. 3.140(n).

Houart has not shown that his counsel was ineffective for failing to move for a statement of particulars. Although Houart claims that the acts could not have occurred

after April 2007, he fails to allege that he did not know the victims entered foster care at that time. And while he alleges that a statement of particulars would have revealed that the crimes in counts one and two "were the same acts", his assertion is without merit. (Dkt. 1, p. 21.) Count one alleged sexual battery of H.B. and count two alleged lewd or lascivious molestation of H.B. (Dkt. 18, Ex. 1, Vol. I, pp. 119-20.) The information was clear that the charges were based on different actions and that the offenses contained different elements and were charged under different statutes. (*Id.*) Houart does not identify any other basis on which the information failed to place him on notice to "enable [him] to prepare a defense." Fla. R. Crim. P. 3.140(n). Accordingly, he does not establish how a statement of particulars was necessary.

Lastly, Houart does not establish that counsel should have objected when the State failed to provide a statement of particulars. Rule 3.140(n) does not contemplate the State's production of a statement of particulars unless the trial court grants the defense's request for one. But there was no such request, and as addressed, counsel was not ineffective for failing to make a request. Houart has not established that the state court's rejection of his ineffective assistance claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. He is not entitled to relief on Ground Eleven.

**Ground Twelve**

Houart contends that the trial court's and counsel's cumulative errors "constitute a deprivation of [his] 6th and 14th Amendment rights." (Dkt. 1, p. 21.) The state court denied this claim:

In Ground Nine, the Defendant raises a cumulative error claim. This claim

is duplicative of the claims raised in Grounds One through Eight.  There simply was no cumulative error.  Therefore, this claim is denied.

(Dkt. 18, Ex. 12, p. 4.)

As Houart has failed to establish any specific instances of trial court error or ineffective assistance, he cannot show that he was entitled to relief on this claim.  *See United States v. Barshov*, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal.").  Houart has not demonstrated that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts.  Ground Twelve warrants no relief.

Any claims not specifically addressed herein have been determined to be without merit. Accordingly, it is

**ORDERED** that:

1. Houart's petition (Dkt. 1) is **DENIED**.  The Clerk is directed to enter judgment against Houart and to close this case.

2. Houart is not entitled to a certificate of appealability (COA).  A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition.  28 U.S.C. § 2253(c)(1).  A district court must first issue a COA.  *Id.*  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Houart "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement

to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Houart has not made this showing.  Finally, because Houart is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 12, 2017.


Charlene Edwards Honeywell
United States District Judge

Copies to:
Richard Duane Houart
Counsel of Record